UNITED STATES of America, Plaintiff,

v.

CERTAIN REAL PROPERTY LOCATED AT 1 HANSON AVENUE, DOVER, COUNTY OF STRAFFORD, AND STATE OF NEW HAMPSHIRE more specifically described in a deed to Leo J. Spencer and Glenna B. Spencer dated May 5, 1970 and recorded in the Strafford County Registry of Deeds in Book 870, Page 392, with all appurtenances and attachments thereon;

One Red 1979 Mazda RX-7, VIN: SA22C523498;

One Blue 1985 Dodge Van, Model 250, VIN: 2B6HB23W5FK211750, Defendants.

Civ. No. 90-0073-P.

United States District Court, D. Maine.

June 13, 1990.

Jonathan R. Chapman, Portland, Me., for plaintiff.

Brian T. Stern, Dover, N.H., for Paul and Donna Spencer.

William R. Dunn, Berwick, Me., for Glenna B. Spencer.

Robert T. Mittelholzer, Dover, N.H., for Tri-City.

Paul H. Pike, Dover, N.H., Joseph G. Carleton Jr., Wells, Me., for Merchants Bank.

## MEMORANDUM OF DECISION GRANTING CLAIMANTS' MOTION TO DISMISS

GENE CARTER, Chief Judge.

The United States filed a Verified Complaint for Forfeiture alleging that Defendants constitute proceeds traceable to the transportation, sale, receipt, possession or concealment of controlled substances in violation of 21 U.S.C. §§ 881(a)(4) and (a)(6). Claimants Paul and Donna Spencer have moved to dismiss the Verified Complaint for failing to state a claim with sufficient particularity pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule E(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims. Because the Verified Complaint is not sufficiently particular pursuant to Rule E(2), the Court will grant Claimants' motions and dismiss the Verified Complaint, without prejudice.[1]

■ Forfeiture complaints are governed by the Supplemental Rules for Certain Admiralty and Maritime Claims. 21 U.S.C. § 881(b); *United States v. Pole No. 3172, Hopkington*, 852 F.2d 636, 638 (1st Cir. 1988). The Supplemental Rules apply to actions *in rem* and are part of the Federal Rules of Civil Procedure. *United States v. $39,000 in Canadian Currency*, 801 F.2d 1210, 1219 (10th Cir.1986). In contrast to notice pleading, Supplemental Rule E(2)(a) requires that:

> ... the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading.

Supplemental Rules for Certain Admiralty and Maritime Claims, Rule E(2)(a).

In light of this statutory directive, courts uniformly require that a forfeiture complaint must allege specific facts to support an inference, a reasonable belief, that the contested property is subject to forfeiture under the law cited in the complaint. *Unit-*

ed States v. Pole No. 3172, Hopkington, 852 F.2d 636, 638 (1st Cir.1988), *citing United States v. $38,000 in Canadian Currency*, 816 F.2d 1538, 1548 (11th Cir. 1987); *United States v. $39,000 in Canadian Currency*, 801 F.2d 1210, 1215 (10th Cir.1986). This particularity requirement is necessary to protect due process concerns that arise because of the severe result of the forfeiture remedy. *United States v. Pole No. 3172, Hopkington*, 852 F.2d 636, 638 (1st Cir.1988).

Claimants are correct in arguing that the Verified Complaint filed in this suit does not allege sufficient facts. For example, the Verified Complaint fails to contain *any* specific facts relating to Defendant Real Property's relationship to drug transactions. The Verified Complaint contains only the government's conclusory allegation that Defendant Real Property was purchased from "cash which [Paul Spencer] derived from the sale of scheduled drugs." Verified Complaint at 3. This allegation is woefully inadequate because it provides no specific facts or corroborating evidence concerning Paul Spencer's alleged drug transactions.

The government argues that it has met the required degree of specificity because its Verified Complaint informs Claimants that the government is in possession of evidence that Paul Spencer obtained money from the sale of drugs. It is not enough, however, that Claimants are informed that the government may possess some evidence relating to the sale of drugs. Claimants are entitled to specific facts that would support an inference that forfeiture is appropriate and from which Claimants can frame an intelligible response. Thus, the government's allegations fall short of the required specificity.

■ The Verified Complaint is also insufficiently particular concerning Defendant Red 1979 Mazda RX-7. The Verified Complaint alleges that Defendant Red 1979 Mazda RX-7 was purchased with money "traceable to the exchange of scheduled drugs" "at a time when Paul Spencer had

---

1. Although there are other claimants in this action, the Court, for the purposes of simplicity, will refer to Paul and Donna Spencer as the Claimants.

**582**

no legitimate source of income and at a time when Paul Spencer was actively involved in the distribution of cocaine." Verified Complaint at 5. While this allegation is somewhat more specific than that concerning Defendant Real Property, it also is insufficient because it provides no facts to substantiate that Paul Spencer was involved in the distribution of cocaine or that he had no legitimate sources of income. Without these facts, Claimants do not have sufficient detail to frame a response and are thus deprived of proper due process protection. Thus, the Verified Complaint is also insufficient as to Defendant Red 1979 Mazda RX-7.

■ Finally, the allegations regarding Defendant Blue Van are similarly insufficient. The Verified Complaint alleges that Defendant Blue Van "was used, or intended to be used, to transport, or to facilitate the transportation, sale, or receipt, possession, or concealment of controlled substances and is therefore subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(4)." Verified Complaint at 6. These allegations are conclusory and are not supported by any facts in the Verified Complaint.

The specificity requirement is not a technicality. *United States v. Pole No. 3172, Hopkington*, 852 F.2d 636, 638 (1st Cir. 1988). It ensures that the government "does not seize and hold, for a substantial period of time, property to which, in reality, it has no legitimate claim." *Id.* The government has clearly failed to carry this important burden.[2] Thus, this suit will be dismissed without prejudice.

Accordingly, the Court ORDERS that the motions to dismiss of Claimants' Paul Spencer and Donna Spencer be, and they are hereby, GRANTED.

---

2. Although neither party addressed the affidavit filed in this suit, the Court notes that the affidavit was not incorporated into the Verified Complaint. Furthermore, although the affidavit may have provided sufficient particularity to satisfy Rule E(2)(a), the Court notes that "[i]t is hardly a heavy burden to impose on the government the requirement that it express in the complaint the facts which it has already disclosed to the claimants." *United States v. Pole No. 3172, Hopkington*, 852 F.2d 636, 640 (1st Cir.1988).